# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KAREN HOLLOWELL, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:19-CV-481-JTM-JPK |
| | ) |
| MEIJER STORES LIMITED PARTNERSHIP, | ) ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Meijer Stores Limited Partnership invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Karen Hollowell and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant has alleged a sufficient amount in controversy. Defendant has also sufficiently alleged Plaintiff's citizenship. However, the allegations are insufficient as to the citizenship of Defendant.

The Notice of Removal states:

> At the time of the commencement of this action Defendant is a Limited Partnership formed in the State of Michigan with its principal place of business in the State of Michigan. Defendant's sole General Partner is Meijer Group Inc., which is a foreign for-profit corporation incorporated under the laws of Michigan, and has its princip[al] place of business in the State of Michigan. Meijer Group, Inc. is a wholly owned subsidiary of Meijer, Inc. Meijer Inc. is a Michigan corporation with its principal place of business in the State of Michigan.

(Notice of Removal ¶ 5, ECF No. 1). These allegations are insufficient for the purpose of determining citizenship.

"[A] limited partnership has the citizenships of each partner, general and limited." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen."). The Court must therefore be advised of the identity of each of Defendant's partners, including Defendant's limited partners, and advised of each partner's citizenship. *Id.* It is not sufficient to broadly allege that all partners of a limited partnership are citizens of a particular state. *See Guar. Nat'l Title Co.*, 101 F.3d at 59 (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Finally, citizenship must be "traced through multiple levels" for those partners who are themselves a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege its citizenship as outlined above. Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **March 20, 2020**, a supplemental jurisdictional statement that properly alleges its citizenship as stated above.

So ORDERED this 6th day of March, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT