UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KAREN HOLLOWELL,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:19-CV-481-JTM-JPK<br>) |
| MEIJER STORES LIMITED<br>PARTNERSHIP,<br>      Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Motion to Amend Complaint [DE 23], filed by Plaintiff Karen Hollowell on May 8, 2020. Defendant Meijer Stores Limited Partnership did not file a response, and the time to do so has passed. In the instant motion, Plaintiff seeks leave to file a Second Amended Complaint so as to add an additional defendant, Permanent Building Solutions, LLC. For the following reasons, the motion is denied without prejudice.

Per the Notice of Removal filed at Docket Entry 1, the Court's March 6, 2020 Opinion and Order at Docket Entry 20, and Defendant's jurisdictional statement filed at Docket Entry 21, this Court has subject matter jurisdiction over this matter via diversity jurisdiction. On the allegations in Plaintiff's Second Amended Complaint, the Court is unable to determine whether the addition of Permanent Building Solutions, LLC as a party to this matter would destroy diversity.

This determination is of critical importance because, "[w]hen joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (explaining that "[t]hese are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction"). "A district court has discretion to permit or deny post-removal joinder of a

nondiverse party, and the court should balance the equities to make the determination." *Id.* When determining whether post-removal joinder of a nondiverse party is appropriate, the court considers the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* Without proper allegations as to the citizenship of Permanent Building Solutions, LLC, the Court is unable to determine whether joinder of this entity would destroy diversity and necessitate a consideration of the factors outlined in *Schur*.

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Per the Notice of Removal and Defendant's jurisdictional statement, Plaintiff is a citizen of Indiana, Defendant is a citizen of Michigan, and the amount in controversy exceeds $75,000. The Second Amended Complaint, attached as an exhibit to the instant motion, states that Permanent Building Solutions, LLC "was a domestic corporation organized and existing under the laws of Illinois, with its principal office located at 420 Progressive Drive, Mattoon, IL." (Pl.'s Second Mot. Am. Compl. Ex. 1 ¶ 3, ECF No. 23-1). The Second Amended Complaint further states that "[t]he members of Permanent Building Solutions, LLC are unknown but believed to be citizens of Illinois." *Id.* at ¶ 7. These allegations are insufficient for the purpose of determining citizenship.

First, the allegations regarding the citizenship of Permanent Building Solutions, LLC are unclear as to its organizational form. This information is important because for purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of a limited liability company or partnership. Second, the allegations regarding the citizenship of Permanent

2

Building Solutions, LLC do not sufficiently set out the facts necessary to determine the citizenship of a limited liability company.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each of a limited liability company's members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Likewise, it is not sufficient to allege that a party is not a citizen of a particular state; states of citizenship must be

3

explicitly named. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Finally, all such allegations must state the citizenship of each such member or partner at the time the Complaint was filed. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Thomas*, 487 F.3d at 533-34.

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff's Second Motion to Amend Complaint [DE 23]. The Court **GRANTS LEAVE** for Plaintiff Karen Hollowell to refile a motion for leave to file her Second Amended Complaint, on or before **July 15, 2020**, that contains proper allegations as to the citizenship of Permanent Building Solutions, LLC. If joinder of Permanent Building Solutions, LLC would destroy diversity, Plaintiff must further address the factors outlined in *Schur* that would be relevant to the Court's determination of her motion. As the Court has extended the deadline for Plaintiff to seek leave to file an amended pleading, the Court further **EXTENDS** the deadline for Defendant to seek leave to file an amended pleading or add parties to **August 17, 2020**.

So ORDERED this 15th day of June, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
