UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KAREN HOLLOWELL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CV-481-JTM-JPK |
| ) | |
| MEIJER STORES LIMITED ) | |
| PARTNERSHIP, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion to Amend Complaint [DE 28], filed by Plaintiff Karen Hollowell on July 15, 2020. Defendant did not file a response, and the time to do so has passed. In the instant motion, Plaintiff seeks leave to file a Second Amended Complaint so as to add an additional defendant, Paramount Building Solutions, LLC. For the following reasons, the motion is denied without prejudice.

**BACKGROUND**

Per the Notice of Removal filed at Docket Entry 1, the Court's March 6, 2020 Order at Docket Entry 20, and Defendant Meijer Stores Limited Partnership's jurisdictional statement filed at Docket Entry 21, this Court has subject matter jurisdiction over this matter via diversity jurisdiction.

On May 8, 2020, Plaintiff Karen Hollowell filed a motion seeking leave to file a Second Amended Complaint so as to add an additional defendant, Paramount Building Solutions, LLC.[1] On June 15, 2020, the Court issued an order denying Plaintiff's motion without prejudice. The Court's order explained that, because Plaintiff's motion failed to contain proper allegations as to

---

[1] The Court notes that Plaintiff's previous motion referred to this entity as Permanent Building Solutions, LLC. Without explanation, the instant motion now refers to this entity as Paramount Building Solutions, LLC.

the citizenship of Paramount Building Solutions, LLC, the Court was unable to determine whether joinder of this entity would destroy diversity and therefore lacked the information necessary to rule on Plaintiff's motion. The Court's order outlined how the citizenship of both a corporation and a limited liability company is determined, and granted leave for Plaintiff to file a renewed motion for leave to file a Second Amended Complaint, on or before July 15, 2020, that contained proper allegations as to the citizenship of Paramount Building Solutions, LLC. As explained further below, the instant motion fails to contain such allegations.

## STANDARD OF REVIEW

"When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (explaining that "[t]hese are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction"). As clarified by the Seventh Circuit Court of Appeals, "[t]his is in contrast to an ordinary pretrial amendment under Rule 15(a), which provides that 'a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.'" *Id.* at 759 n. 3 (quoting Fed. R. Civ. P. 15(a)(2)).

"A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Id.* at 759. When determining whether post-removal joinder of a nondiverse party is appropriate, the court considers the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the

2

plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.*

## ANALYSIS

In the instant motion, Plaintiff represents that, "[u]pon information and belief, Paramount Building Solutions, LLC at all times mentioned in this complaint was [a] foreign for-profit corporation organized and existing under the laws of Arizona, with its principal office located at 10235 S. 51st Street, Phoenix, AZ 85044." (Pl.'s Second Mot. ¶ 4, ECF No. 28). Plaintiff further states that "[i]t is believed that the managing member of Paramount Building Solutions, LLC, is Jeffory Southhard, and he is a citizen of Arizona." *Id.* at ¶ 5. Finally, Plaintiff states that "[n]o member of Paramount Building Solutions, LLC is a citizen of the state of Indiana." *Id.* at ¶ 6.

These allegations are insufficient for the purpose of determining the citizenship of Paramount Building Solutions, LLC. Consequently, on the allegations in Plaintiff's motion, the Court remains unable to determine whether the addition of Paramount Building Solutions, LLC as a party to this matter would destroy diversity. The allegations regarding the citizenship of Paramount Building Solutions, LLC are unclear as to its organizational form. The name of this entity indicates that it is a limited liability company. Yet, Plaintiff states that this entity is a corporation and offers no explanation as to why such a corporation would have "LLC" in its name. Further, Plaintiff offers allegations as to the citizenship of Paramount Building Solutions, LLC as if it were both a corporation *and* a limited liability company.[2] Without proper allegations as to the citizenship of Paramount Building Solutions, LLC, the Court is unable to determine whether

---

[2] The Court notes that a search of the Arizona Corporation Commission's website reveals two entities with "Paramount Building Solutions" in their name. One is listed as a corporation, with an address different than the one alleged in Plaintiff's motion. *See Arizona Corporation Commission Entity Information*, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=10713918. The second is listed as a limited liability company, with an address matching the one alleged in Plaintiff's motion. *See Arizona Corporation Commission Entity Information*, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=R18040050.

joinder of this entity would destroy diversity and necessitate a consideration of the factors outlined in *Schur*. *See* 577 F.3d at 759.

The Court's previous order explained that a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each of a limited liability company's members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Likewise, it is not

4

sufficient to allege that a party is not a citizen of a particular state; states of citizenship must be explicitly named. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Finally, all such allegations must state the citizenship of each such member or partner at the time the Complaint was filed. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Thomas*, 487 F.3d at 533-34.

If Paramount Building Solutions, LLC is indeed a limited liability company, Plaintiff's allegations regarding the "managing member" of this entity and that no member of this entity is a citizen of Indiana are insufficient. Per the Court's previous order and as outlined above, Plaintiff must properly allege the citizenship of Paramount Building Solutions, LLC before the Court may consider the substance of any motion seeking leave to add this entity as a party.

## CONCLUSION

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff's Second Motion to Amend Complaint [DE 28]. The Court **GRANTS LEAVE** for Plaintiff Karen Hollowell to refile a motion for leave to file her Second Amended Complaint, on or before **September 21, 2020**, that contains proper allegations as to the citizenship of Paramount Building Solutions, LLC. If joinder of Paramount Building Solutions, LLC would destroy diversity, Plaintiff must further address the factors outlined in *Schur* that would be relevant to the Court's determination of her motion. As the Court has extended the deadline for Plaintiff to seek leave to file an amended pleading, the Court further **EXTENDS** the deadline for Defendant to seek leave to file an amended pleading or add

parties to **October 21, 2020**. The parties are encouraged to meet and confer regarding any necessary jurisdictional discovery.

      So ORDERED this 25th day of August, 2020.

                                       s/ Joshua P. Kolar
                                       MAGISTRATE JUDGE JOSHUA P. KOLAR
                                       UNITED STATES DISTRICT COURT